*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-436

OCTOBER TERM, 2017

| | | |
|---|---|---|
| Michael Rinaldo | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Shaftsbury All Season Self Storage | } | DOCKET NOS. 114-5-16 Bncv & |
| | | 322-9-15 Bncv |

Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the court's order granting summary judgment to defendant. Plaintiff contends that defendant improperly terminated his rental agreement for two storage units and auctioned the property in the units. We affirm.

The following facts were undisputed for purposes of summary judgment. In February 2015, plaintiff signed an agreement with defendant to rent two self-storage units for a total monthly rental fee of $150. Plaintiff did not pay the rental fee after June 2015. Defendant notified plaintiff that plaintiff was in default and that his failure to pay would result in defendant's selling the property in the units. Plaintiff refused to pay the amount due under the contract. Despite requests to do so, plaintiff did not remove his property from the rental units. Defendant advertised to auction the items in the storage units pursuant to 9 V.S.A. § 3905(3). In September 2015, plaintiff filed a complaint, Docket No. 322-9-15 Bncv, alleging, among other things, that defendant had failed to comply with the laws governing self-storage units and not provided plaintiff with proper notice prior to selling his property. Defendant canceled the scheduled sale and attempted to resolve the issue with plaintiff.

Defendant again sent notices of default and an intent to sell property. See 9 V.S.A. § 3905(1), (2). Defendant again advertised the sale of the items, and plaintiff's items were sold at auction. See id. § 3905(5). Before the sale, in May 2016, plaintiff filed a second complaint against defendant, arguing, among other things, that defendant had failed to provide proper notice of plaintiff's default and had defamed plaintiff.

The parties were initially ordered to engage in mediation, but they were excused after good-faith attempts to resolve the dispute on an informal basis. In July 2016, defendant filed a motion for summary judgment in both pending dockets. Defendant's statement of undisputed facts set forth that in accordance with the applicable statutes, defendant had noticed plaintiff of his default and of defendant's intent to sell the property. In support of the motion, defendant attached an affidavit from the manager of All Season Shaftsbury Self Storage. Plaintiff responded to the

motion, claiming disputes of fact, but did not include any citations to the record or append an affidavit or other document to support his version of the facts.

The trial court determined, based on the undisputed facts, that defendant was entitled to judgment as a matter of law. The court concluded that defendant had complied with the applicable law by providing plaintiff with first and second notices of default, advertising the sale in newspapers, and properly conducting the sale. Therefore, the court found no basis for plaintiff's claims of relief and dismissed both cases. Plaintiff appeals.

On appeal, we review the motion for summary judgment de novo, applying the same standard as the trial court. White v. Harris, 2011 VT 115, ¶ 6, 190 Vt. 647 (mem.). Summary judgment is appropriate when there are no disputes of material fact and the moving party is entitled to judgment as a matter of law. V.R.C.P. 56(a). If a party alleges that there is a disputed fact that precludes summary judgment, the party must support the assertion by filing a statement of undisputed facts that includes citation to parts of the record. V.R.C.P. 56(c)(1). Where a party fails to address a fact alleged by the other party, the court may consider the fact undisputed for purposes of summary judgment. V.R.C.P. 56(e)(2).

Plaintiff asserts that the order granting judgment in defendant's favor was in error. Plaintiff generally argues that defendant failed to give proper written notice to plaintiff and failed to properly advertise the sale of plaintiff's items. Plaintiff specifically argues that the notice of sale published in a newspaper in April 2016 was invalid because it listed the place of the auction as "Shaftsbury Self Storage" instead of "All Season Shaftsbury Self Storage" and had an incorrect address. Plaintiff also alleges that the notices of default were not made in accordance with the applicable statute. The statute states that in the event of a default of a rental agreement for a storage unit, a first notice of default must be sent "[n]o sooner than seven days after a default," and a second notice must be sent "[n]o sooner than 14 days after mailing of the first notice." 9 V.S.A. § 3905(1), (2). Plaintiff alleges that he received a letter entitled "second notice of default" on June 22, 2015, without a first proper notice of default.

We conclude there was no error. The undisputed facts show that defendant provided plaintiff with proper notices of default prior to the ultimate sale of the items in the unit, and defendant advertised the sale of contents of the storage units in accordance with 9 V.S.A. § 3095. The manager of defendant organization proffered an affidavit stating that after the first round of notices and advertisements, relating to the sale that defendant canceled, defendant again provided the statutorily required notice to plaintiff and advertised the ultimate sale as required by statute. In his response to the request for summary judgment, plaintiff failed to support his own factual assertions with his own citations to the record.[1] "Although the party opposing summary judgment is given the benefit of all reasonable doubts and inferences in determining whether there are disputed genuine issues of material fact, the moving party may not rely on bare allegations alone to meet the burden of demonstrating a disputed issue of fact." Burgess v. Lamoille Hous. P'ship, 2016 VT 31, ¶ 17, 201 Vt. 450 (quotation omitted). Moreover, even if we considered plaintiff's specific factual assertions despite the fact that he did not present them in the form of an affidavit, plaintiff never disputed that, the second time around, defendant provided the statutorily required

---

[1] On appeal, plaintiff has included several exhibits in the printed case, including copies of advertisements from the newspapers. Because these advertisements were not filed with the trial court, we do not consider them on appeal. See V.R.A.P. 10(a) (defining scope of record on appeal).

notice and advertised the sale as required by statute.[2]  Based on these facts, summary judgment was appropriately granted to defendant.

Plaintiff also asserts that defendant violated the law by advertising a sale for the items in plaintiff's storage units in April 2016 while the first civil action was still pending.  Plaintiff argues that defendant could not proceed with the sale at a time when the trial court had requested that the parties comply with the rule on mediation.  Defendant did not violate any order in proceeding with the sale.  When plaintiff filed suit in September 2015, he requested a temporary restraining order.  The court denied this request.  In October 2015, plaintiff again filed for injunctive relief.  The court again denied this motion in February 2016, concluding that plaintiff had failed to demonstrate that there was a showing of immediate and irreparable harm.  Absent an injunction, defendant was not precluded from moving forward with a sale of the items in plaintiff's storage units even though there was a civil action pending at the time.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Karen R. Carroll, Associate Justice

---

[2] Plaintiff has consistently maintained, in both dockets, that defendant did not give the statutorily required notice the first time around, prior to the sale that defendant canceled.  What matters for the purposes of our review is whether defendant gave the statutory notice for the sale that it actually conducted.  Defendant presented an affidavit asserting that it did give the proper statutory notice for the sale that it actually conducted.  Generic statements in an affidavit that a party complied with statutory requirements, unaccompanied by specific statements of fact to support that conclusion, are not ordinarily sufficient to create an issue of disputed fact in the face of contrary factual evidence.  See, e.g., H & E Equip. Servs., Inc. v. Cassani Elec., Inc., 2017 VT 17, ¶ 20.  However, in this case, plaintiff did not in his responsive pleadings deny that defendant gave the proper statutory notice prior to the 2016 auction.